UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED DEAL** | **CIVIL ACTION** |
| **VERSUS** | |
| **DEPT. OF CORRECTIONS, ET AL.** | **NO.:15-00534-BAJ-EWD** |

## RULING AND ORDER

Before the Court are a **Motion to Dismiss (Doc. 30)** and a **Motion for Partial Summary Judgment (Doc. 31)**, filed by former Warden Burl Cain ("former Warden Cain"), Sergeant Adam Frye ("Sgt. Frye"), Major Leonard Williams ("Maj. Williams"), Captain Alonzo Webb ("Capt. Webb"), and the State of Louisiana through the Department of Corrections ("DOC") (collectively, "Defendants"). Plaintiff Alfred Deal filed an answer to the motion to dismiss, (Doc. 36), and an opposition to the motion for partial summary judgment, (Doc. 37). Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367.

I.   BACKGROUND

Plaintiff is an inmate at Louisiana State Penitentiary ("LSP") in Angola, Louisiana. (Doc. 1). He alleges that on August 9, 2014, he suffered physical, mental and emotional damages as a result of being sprayed with a chemical agent and "doused" with chemical fluids[1] by Maj. Williams and Capt. Webb, respectively. (Doc. 12 at pp. 3–5). Plaintiff alleges that Maj. Williams and Capt. Webb used the chemicals as punishment for a false accusation made against him by another inmate, offender

---

[1] Plaintiff alleges that he was "doused" with "bleach and stripper." Doc. 12 at p. 4.

JURY

Brown.[2] (*Id*. at 4). According to Plaintiff, he was denied immediate medical treatment despite his repeated requests and his physical manifestations of illness, including spitting up blood, vomiting, and red blistered skin. (*Id*.).

## II.     LEGAL STANDARDS

### A.     MOTION TO DISMISS

Defendants move to dismiss Plaintiff's official capacity claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). Under Rule 12(b)(1), a claim is "'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). In ruling on a Rule 12(b)(1) motion, however, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009), *cert. denied*, 558 U.S. 1111 (2010); *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). A motion to dismiss for lack of subject matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of

---

[2] According to a disciplinary report, offender Brown accused Plaintiff of cutting him on his right ear with a razorblade melted inside a toothbrush. Doc. 31-6 at p. 6. Maj. Williams' investigation report later stated that confidential informants reported that offender Brown said he planned to use a sharp object to cut himself on his right ear and that he would blame Plaintiff for the injury. *Id*. at 7.

facts in support of his claims entitling him to relief. *Wagstaff v. United States Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007).

### B. SUMMARY JUDGMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c)(1).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

## III. DISCUSSION

### A. MOTION TO DISMISS

Defendants contend that Plaintiff's claims against the DOC are barred by the Eleventh Amendment to the United States Constitution, which also extends to the official capacity claims against the individual Defendants. (Doc. 30-1 at p. 2). Under the Eleventh Amendment, States and state agencies are immune from federal suits filed their citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 1355 (1974). In response, Plaintiff represents that he has no objection to the dismissal of his claims against the DOC and against the individual Defendants in their official capacities. (Doc. 36).

### B. MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants move for summary judgment on the grounds that Plaintiff failed to exhaust the DOC's internal administrative grievance procedures. (Doc. 31). The Prison Litigation Reform Act ("PLRA"), 42 U.S.C § 1997e, prohibits actions under 42 U.S.C. § 1983 by those subject to state custody until "such administrative remedies as are available are exhausted." The purpose of the exhaustion requirement is to give an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and to encourage the efficient resolution of claims. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure ("ARP") process to exhaust administrative remedies before filing suit in

4

district court. La. Admin. Code tit. 22, § 325 (2013). The ARP process is codified in the Louisiana Administrative Code under Title 22, Part I, § 325 ("§ 325").

An inmate initiates the ARP process by completing a request for administrative remedy or writing a letter to the warden. *Id.* at § 325(G)(1)(a)(i). An ARP screening officer screens the inmate's request and either accepts the request into the first-step or rejects it for one of ten enumerated reasons authorized by subsection I of § 325. *Id.* at § 325(I)(1)(a)(i)–(ii). If the request is accepted, the warden must respond on a first-step response form within forty (40) days of receipt of the request. *Id.* at § 325(J)(1)(a). If the inmate is not satisfied with the response, he may proceed to the second-step of the ARP process by appealing to the Secretary of the Department of Corrections ("DOC Secretary"). *Id.* at § 325(J)(1)(b)(i). The DOC Secretary is required to issue a response within 45 days from the date the request is received utilizing a second-step response form. *Id.* at § 325(J)(1)(b)(ii). "Exhaustion occurs: (a) when the relief requested has been granted; (b) when the second step response has been issued; or (c) when the grievance has been screened and rejected for one of the reasons specified in Subsection I, Grievance Screening."[3] *Id.* at § 325(F)(3)(a)(viii).

Plaintiff submitted ARP No. LSP-2014-3511 ("ARP 3511") to initiate the grievance process for the August 9, 2014 incident. (Doc. 31-3 at p. 3). ARP 3511 was received on November 10, 2014, and rejected by an ARP screening officer for "containing multiple complaints" on December 17, 2014. (Doc. 31-5 at p. 19). Eight

---

[3] In 2013, the Louisiana executive branch amended § 325 by adding, *inter alia*, a provision expressly requiring one of three conditions to satisfy exhaustion. *Compare* vol. no. 37 La. Reg. page no. 3275 (November 20, 2011) *with* vol. no. 39 La. Reg. page no. 2779 (October 20, 2013).

months later, Plaintiff submitted a new ARP, ARP No. LSP-2015-2192 ("ARP 2192"), referencing the same incident on August 9, 2014. (Doc. 31-7 at p. 6). ARP 2192 was received on August 13, 2015, and rejected by an ARP screening officer for "a time lapse of more than 90 days between the event and the initial request" on August 24, 2015. (Doc. 31-5 at p. 21).

The cited reasons for the rejection of the two ARPs, *i.e.* multiple complaints and time lapse of 90 days, are reasons authorized by subsection I of § 325.[4] And as stated *supra*, exhaustion occurs when an ARP grievance has been screened and rejected for a reason authorized in subsection I. La. Admin. Code tit. 22, at § 325(F)(3)(a)(viii). Thus, ARP 3511 and ARP 2192 were exhausted before Plaintiff filed this action on December 4, 2015. *See Anderson v. Wilkinson*, No. CIV.A. 10-00063, 2014 WL 992078, at *2–3 (W.D. La. Mar. 13, 2014) (concluding that the ARP process was exhausted after the plaintiff's ARP was screened and rejected for a reason authorized in subsection I).

Nonetheless, only issues contained in the two ARPs are properly exhausted. In assessing which issues are properly exhausted, the Court is mindful that one of the principle purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (internal quotation marks omitted) (quoting *Porter v. Nussle,* 534 U.S.

---

[4] ARP No. LSP-2014-3511 was rejected as a multiple complaint, La. Admin. Code tit. 22, § 325(I)(1)(a)(ii)(g), and ARP No. LSP-2015-2192 was rejected for a time lapse of more than 90 days between the event and the initial request, *id*. at § 325(I)(1)(a)(ii)(i).

6

516, 525 (2002)). Additionally, an uncounseled inmate "need not present legal theories in his grievances," nor "provide personal notice to a particular official that he may be sued." *Id.* at 517, 522.

Defendants contend that the following claims were not exhausted[5]: (1) failure to protect and/or insure safety; (2) deliberate medical indifference; (3) respondeat superior; (4) failure to adequately train and supervise employees; (5) violation of due process rights; (6) intentional infliction of emotional distress; (7) negligent supervision; (8) negligence; and (9) falsification of log sheet.[6] (Doc. 31-1 at p. 3). After reviewing each of these nine issues and the two ARPs submitted by Plaintiff, the Court concludes that Plaintiff properly exhausted all but two issues: respondeat superior and intentional infliction of emotion distress.

Four of the nine issues—failure to protect, failure to train or supervise, negligent supervision, and negligence—were exhausted by his claim that Sgt. Frye, while under the supervision of Maj. Williams and Capt. Webb, endangered him by releasing offender Brown from this cell against protocol. (Doc. 31-3 at p. 5; Doc. 31-7 at p. 6). According to Plaintiff, offender Brown attempted to cut him with a razorblade attached to a toothbrush while Plaintiff was lying down in his cell. (*Id.*).

A fifth issue—falsification of log sheet—was exhausted by the claim that Sgt. Frye, Maj. Williams and Capt. Webb attempted to falsify log sheets after offender Brown was released against protocol. (Doc. 31-3 at p. 5; Doc. 31-7 at pp. 6–7). A sixth

---

[5] Defendants do not challenge the exhaustion of Plaintiff's excessive force claim. *See* Doc. 31 at p. 1.

[6] The Court notes that some of these issues, as characterized, were not raised as causes of actions in Plaintiff's Amended Complaint. *See* Doc. 12. Nevertheless, for the purpose of the subject motion, the Court will not substitute the parties' understanding of the claims with its own.

7

issue—violation of due process—was exhausted by the claim that Maj. Williams and Capt. Webb sprayed and doused Plaintiff with chemicals as punishment for a false accusation made against him by offender Brown. (Doc. 31-3 at p. 5; Doc. 31-7 at p. 6). A seventh issue—deliberate medical indifference—was exhausted by the claim that Defendants did not immediately provide a shower or medical treatment after Plaintiff was sprayed and doused with chemicals. (Doc. 31-3 at p. 4; Doc. 31-7 at p. 7). Plaintiff did not, however, properly exhaust the issues of respondeat superior and intentional infliction of emotion distress. Accordingly, the motion for summary judgment is **GRANTED** as to those two issues, and **DENIED** as to the other seven issues.

Lastly, Defendants argue that Plaintiff failed to exhaust his claims against Sgt. Frye and former Warden Cain. (*Id.*). Plaintiff explicitly identified Sgt. Frye in both ARPs, but he did not identify former Warden Cain. Although "[n]othing in the PLRA requires prisoners to identify all defendants that they later sue," *Patterson v. Stanley*, 547 F. App'x 510, 511–12 (5th Cir. 2013) (citing *Jones v. Bock*, 549 U.S. 199, 217 (2007)), a prisoner should provide enough information to give fair notice of a complaint against a prison official, *see Johnson*, 385 F.3d at 517 ("[A] grievance can sufficiently identify a person even if it does not provide an actual name; functional descriptions and the like—e.g., a reference to the guards in the shower room on a certain date—would suffice."). Here, Plaintiff's ARPs are devoid of any reference to a complaint against former Warden Cain that would support a claim against him in his individual capacity. *See James v. Texas Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) ("A supervisor is not personally liable for his subordinate's actions in which he had

8

no involvement."). Consequently, the motion for summary judgment is **GRANTED** as to Plaintiff's claim against former Warden Cain, and **DENIED** as to Sgt. Frye.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 30)** is **GRANTED**. Plaintiff's claims against the State of Louisiana through the Department of Corrections are **DISMISSED**, and Plaintiff's official capacity claims against Burl Cain, Sergeant Adam Frye, Major Leonard Williams, and Captain Alonzo Webb are **DISMISSED**.

**IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment (Doc. 31)** is **GRANTED IN PART** and **DENIED IN PART**, for the reasons assigned. Plaintiff's individual capacity claim against Burl Cain is **DISMISSED**, and Plaintiff's claims of respondeat superior and intentional infliction of emotion distress are **DISMISSED**.

Baton Rouge, Louisiana, this 9th day of August, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**